UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| SEAN FRANKLIN,<br><br>                Petitioner,<br><br>   vs.<br><br>JOSEPH ROEMICH,<br><br>                Respondent. | 4:25-CV-04241-RAL<br><br><br>REPORT & RECOMMENDATION |

      This matter is before the court on the *pro se* habeas petition of Sean Franklin pursuant to 28 U.S.C. § 2254.  See Docket No. 1 & 1-1.  This court is required to screen such petitions to determine if they are frivolous or otherwise require immediate dismissal.  See Rule 4 of the Rules Governing Section 2254 Cases.  Mr. Franklin' petition appears to be unexhausted.

      Previously, Mr. Franklin filed a § 2254 petition with this court.  That case was assigned to United States District Judge Karen E. Schreier.  See Franklin v. Roemmich, 4:25-CV-4183-KES (D.S.D. Sept. 17, 2025).  That petition was dismissed without prejudice because Mr. Franklin had not presented his claims in state court first.  Id. at 9 & 10.  Mr. Franklin is currently pursuing an appeal of the district court's dismissal of his petition.  Id. at 11.  Although Mr. Franklin's appeal is not yet concluded, he filed the instant petition with this court today.  The new case has been assigned to Chief United States District Judge Roberto Lange.

Federal habeas review of state court convictions is limited in that each claim must first have been presented to the state courts before being presented to the federal courts:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>     (A) the applicant has exhausted the remedies available in the courts of the state; or
>     (B)  (i) there is an absence of available State corrective process; or
>         (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> * * *
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

See 28 U.S.C. § 2254(b) and (c). The above codifies what was previously a judicial doctrine of exhaustion.

A federal court may not consider a claim for relief in a habeas corpus petition if the petitioner has not exhausted his state remedies. See 28 U.S.C. § 2254(b). "[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). If a ground for relief in the petitioner's claim makes factual or legal arguments that were not present in the petitioner's state claim, then the ground is not exhausted. Kenley v. Armontrout, 937 F.2d 1298, 1302 (8th Cir. 1991). The exhaustion doctrine protects the state courts' role in enforcing federal law and prevents the

disruption of state judicial proceedings. Rose v. Lundy, 455 U.S. 509, 518 (1982). The Supreme Court has stated:

> Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter."

Rose, 455 U.S. at 518 (citation omitted).

The exhaustion rule requires state prisoners to seek complete relief on all claims in state court prior to filing a writ of habeas corpus in federal court. Federal courts should, therefore, dismiss a petition for a writ of habeas corpus that contains claims that the petitioner did not exhaust at the state level. See 28 U.S.C. § 2254; Rose, 455 U.S. at 522. The exhaustion requirement is waived "only in rare cases where exceptional circumstances of peculiar urgency are shown to exist." Mellott v. Purkett, 63 F.3d 781, 784 (8th Cir. 1995).

A federal court must determine whether the petitioner fairly presented an issue to the state courts in a federal constitutional context. Satter v. Leapley, 977 F.2d 1259, 1262 (8th Cir. 1992). "To satisfy exhaustion requirements, a habeas petitioner who has, on direct appeal, raised a claim that is decided on its merits need not raise it again in a state post-conviction proceeding." Id. "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established

3

appellate review process." O'Sullivan, 526 U.S. at 845. "A claim is considered exhausted when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993). If a petitioner has failed to exhaust administrative remedies, and further non-futile remedies are still available to him in state court, then the federal court dismisses the federal petition without prejudice, allowing the petitioner to exhaust his state court remedies. Carmichael v. White, 163 F.3d 1044, 1045 (8th Cir. 1998).

Here, Mr. Franklin states that he filed a direct appeal to the South Dakota Supreme Court, but he has not filed any state habeas petitions. See Docket No. 1 at 2. Furthermore, he states the South Dakota Supreme Court just rejected his direct appeal on September 2, 2025, so there has not been enough time for Mr. Franklin to file a state habeas petition and obtain a resolution of the claims found therein after the conclusion of his direct appeal.

Finally, although a habeas petitioner can exhaust a claim by presenting it in his direct appeal instead of a habeas petition, the court notes that several of the claims Mr. Franklin presents herein are claims of ineffective assistance of counsel allegedly in violation of Mr. Franklin's Sixth Amendment rights. See Docket No. 1-1. The South Dakota Supreme Court usually refuses to decide such claims in a direct appeal because there has been no record for the claim created in the lower court. See State v. Vortherms, 952 N.W.2d 113, 120-21 (S.D. 2020). So even if Mr. Franklin tried to raise his ineffective assistance of

4

counsel claims in his direct appeal, they almost certainly were not entertained by the court on their merits.

Because at least some of Mr. Franklin's claims are not exhausted, and because he still has the opportunity to go back to state court and present those claims in a state habeas petition, this magistrate judge recommends that Mr. Franklin's petition be dismissed without prejudice so that he may properly exhaust his claims with the state courts first.

## NOTICE OF RIGHT TO APPEAL

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), unless an extension of time for good cause is obtained. FED. R. CIV. P. 6(b)(1), 72(b)(2). Failure to file timely objections may result in waiver of the right to appeal questions of fact. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990). Objections must be timely and specific in order to require *de novo* review by the District Court. Id. at 357–58.

DATED this 8th day of December, 2025.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge